Mr. Robert D. Zahner City Attorney City of Coral Gables
QUESTION:
Does s. 5(a), Art. II, State Const., prohibit members of the city commission from serving on a code enforcement board created by city ordinance pursuant to ss. 166.051-166.062, F.S. (1980 Supp.)?
SUMMARY:
The dual officeholding provision contained in s. 5(a), Art. II, State Const., prohibits a member of the governing body of a municipality from being appointed to and serving at the same time as a member of a municipal code enforcement board created pursuant to the authority provided in ss. 166.051-166.062, F.S. (1980 Supp.). An appointment by a city commission of one of its members to a local code enforcement board is contrary to the common law rule which disqualifies all officers for offices or positions over which such officers have the appointment or removal power.
In 1980 the Florida Legislature enacted ch. 80-300, Laws of Florida, known as the Municipal Code Enforcement Boards Act, and codified as ss. 166.051-166.062, F.S. (1980 Supp.). The code enforcement board is created by ordinance and is composed of 6 members who are appointed by the governing body of the municipality. See ss. 166.053 and 166.055, F.S. (1980 Supp.). Members of the code enforcement board are required to be residents of the municipality, s. 166.055(1), and after a staggered initial appointment term, the appointment to the board is for a 3-year term, s. 166.055(2). Appointments to the board are made `on the basis of experience or interest in the fields of zoning and building control' and `whenever possible, consist of an architect, a businessman, an engineer, a general contractor, a subcontractor, and a realtor.' Section 166.055(1), F.S. (1980 Supp.). Members of the board may be removed as is provided in the city code of ordinances for removal of members of city boards. Section 166.055(2), F.S. (1980 Supp.).
The enforcement board is empowered, among other things, to adopt rules for the conduct of its hearings, subpoena alleged violators and witnesses to its hearings, subpoena evidence, take testimony under oath, and to issue orders having the force of law commanding whatever steps are necessary to bring a violation into compliance.See s. 166.058, F.S. (1980 Supp.). Further, the board is, under certain circumstances, authorized to impose a fine not to exceed $500 for each day the violation continues past the date set for compliance in a previous order of the board. See ss. 166.058, 166.059, F.S. (1980 Supp.); see also s. 166.057(4), F.S. (1980 Supp.)
You state in your letter that one of the city commissioners has indicated a desire to serve on the code enforcement board. Section 5(a), Art. II, State Const., provides in relevant part that `[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . .' This section of the 1968 Constitution substantially reproduces s. 15, Art. XVI of the 1885 State Constitution, except that the current provisions were expanded to include municipal officers since decisions under the 1885 Constitution construing s. 15 had excluded such officers from its coverage.
The only possible exception to this prohibition which given the proper circumstances that could be applicable to this situation is if the enabling legislation authorizing the creation of the code enforcement board designated a member of the governing body of the municipality as a member of the board and thereby imposed additional or ex officio duties upon such officer. The courts have held that the Legislature may constitutionally impose additional or ex officio duties and responsibilities upon a state or local governmental officer; such legislative designation of state or local officers to perform ex officio the functions of another or second office does not violate the constitutional dual officeholding prohibition. See Bath Club, Inc. v. Dade County,394 So.2d 110, 112 (Fla. 1981); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); Amos v. Mathews, 126 So. 308
(Fla. 1930). However, my examination of ss. 166.051-166.062, F.S. (1980 Supp.), leads me to the conclusion that the ex officio duty exception to the constitutional dual officeholding prohibition is not applicable to the instant situation. Generally, when the Legislature intends to place additional or ex officio duties upon an officeholder, that office is mentioned or designated as serving on the governing body of the newly created governmental entity.Cf. s. 334.215, F.S., and the discussion of this statute contained in AGO 080-12. Members of the governing body of a municipality are not statutorily designated as members of the code enforcement board created pursuant to ss. 166.051-166.062. Nor is any mention made that members of the city commission may be appointed to serve on the code enforcement board which would lead to an interference that the Legislature intended to place additional or ex officio duties upon such municipal officer.
Further, application of the common law rule of public policy which disqualifies all officers for an office or position over which they have the power of appointment or removal would preclude such appointment. See AGO's 080-17, 075-60, 073-359, 072-348. As stated in AGO 080-17, the underlying rationale for this common law rule is `to assure the actuality and appearance of undivided public loyalty and trust a public officer holds for the benefit and in the interest of the people, and to prevent any conflict of interest or a clash of duties, where the performance of duties of one office interferes with the performance of the duties of the other and thereby make both offices incompatible.' See also
63 Am.Jur.2d Public Officers and Employees, s. 96; 67 C.J.S. Officers s. 23. A conflict of interest or clash of duties exists where the incumbent of one of the offices has the power of appointment over the other office or has the power to remove the other officeholder. Here the city commission appoints the 6-member code enforcement board and may remove a member thereof as provided in the city code of ordinances for removal of members of city boards, as well as fills any vacancies caused by a member of the enforcement board who fails to attend 2 of 3 successive meetings without cause and without prior approval of the board's chairman. Section 166.055(1) and (2), F.S. (1980 Supp.). Thus, for this reason also I conclude that a member of the city commission is disqualified from being appointed by the commission as a member of the code enforcement board.
Prepared by: Craig Willis, Assistant Attorney General